UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICAL WORKS PRIVATE LIMITED COMPANY, TEVA PHARMACEUTICALS CURACAO nv, TEVA PHARMACEUTICALS FINANCE SWITZERLAND GmbH, and TEVA FINANCE SERVICES B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC., AND DEUTSCHE BANK AG,<br><br>Defendants. | CASE NO. 09 CV 6205 (AKH) |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
DEUTSCHE BANK SECURITIES INC. AND DEUTSCHE BANK AG
<u>IN SUPPORT OF THEIR MOTION TO STRIKE</u>**

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York  10178-0060
Phone: 212.309.6000
Fax: 212.309.6001

Defendants Deutsche Bank Securities Inc. ("DBSI") and Deutsche Bank AG (collectively, "Defendants") respectfully submit this reply brief in further support of their motion for an order striking the allegations in paragraphs 37-38, 40-43, and 60 of Plaintiff's First Amended Complaint (the "FAC").

### I.  PRELIMINARY STATEMENT

Defendants filed the instant motion to strike in response to Plaintiffs' reliance in the FAC on generalized and conclusory allegations of regulatory investigations and subsequent settlements, despite the fact that there were never adjudications on the facts in these investigations and DBSI never admitted any of the facts alleged.  Under the well-established and governing law of the Second Circuit, such allegations are immaterial as a matter of law and should be stricken from the FAC.

In opposition to Defendants' motion, Plaintiffs rely on case law that is either (1) from other jurisdictions and at variance with the governing law of this circuit; or (2) simply does not address the materiality of unadjudicated allegations, and is consequently plainly distinguishable. The law in this circuit is unambiguous:  references in a complaint to unadjudicated administrative proceedings have absolutely no place in a proper pleading.  Accordingly, Defendants' motion to strike should be granted in its entirety.

### II.  ARGUMENT

As noted in Defendants' Opening Brief, "Second Circuit case law makes clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) . . . ." *In re Merrill Lynch & Co., Inc. Research Reports Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003). *See also RSM Production Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) ("Second Circuit case law is clear that paragraphs in a complaint that

1

are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)" (*citing Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 892-94 (2d Cir. 1976))). Unadjudicated allegations "could have no possible bearing" on the instant dispute. *RSM*, 643 F. Supp. 2d at 403 (granting defendants' motion to strike, stating "Because both the *Norex* and *TPT* actions are both 'preliminary steps in litigations ... that did not result in an adjudication on the merits or legal permissible findings of fact,' the complaints in both of those actions are immaterial as a matter of law" (internal citation omitted)).

Nothing in the cases cited by Plaintiffs calls this well-settled principal into question. For example, *Tabor v. Bodisen*, 579 F. Supp. 2d 438, 454 (S.D.N.Y. 2008) involves a motion to strike allegations referencing letters and notices from a stock exchange, not unadjudicated allegations from a governmental agency. Similarly, *Mishkin v. Ageloff*, No. 97 Civ. 2690, 1998 WL 651065, *31 (S.D.N.Y. Sept. 23, 1998) concerned "allegations that these defendants engaged in criminal misconduct, and conduct that resulted in [one defendant's] censure . . . .", which the court expressly found was relevant to the case. *Mishkin* never discussed unadjudicated findings; indeed, it appears that the censure *was* adjudicated. *Mishkin,* 1998 WL 651065, at *30 (defendant "fined and barred from the securities industry by the SEC . . .").

Unable to find favorable precedent on point, Plaintiffs instead rely upon cases from jurisdictions *outside* of the Second Circuit. "Needless to say, decisions from other Circuits are not binding on this Court." *LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 139 n.62 (S.D.N.Y. 2009). The two cases that Plaintiffs cite are in conflict with Second Circuit precedent and therefore do not bind this Court. While *ClearOne Communications, Inc. v. Lumbermens Mut. Cas. Co.*, No. 04 Civ. 00119, 2005 WL 2716297 (D. Utah Oct. 21, 2005) attempts to distinguish

*Lipsky,* this District of Utah case is plainly at variance with Second Circuit law as set out most recently, and straightforwardly, by the Southern District of New York in *RSM*: unadjudicated allegations are immaterial, and should be stricken from the pleadings. *RSM*, 643 F. Supp. 2d at 403. In *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998), the District of New Hampshire decided not to strike allegations concerning a consent decree based on its conclusion that the "decrees may be admissible for other purposes . . . ." In the Second Circuit, however, the types of unadjudicated allegations contained in the FAC are immaterial as a matter of law, *Merrill Lynch,* 218 F.R.D. at 78, rendering the reasoning in *Berke* inapposite to the extent it is inconsistent with this Court's controlling precedent.[1]

Next, Plaintiffs argue that, because Defendants sought judicial notice of an SEC consent decree, the FAC's reliance on unadjudicated allegations should not be stricken. Plaintiffs cite no case law in support of this proposition because there is none. Defendants rely on the SEC decree in question not for an unadjudicated fact, but rather for the SEC's interpretation of law.[2] While Courts will take into account a governmental agency's **interpretation of law**, *see Chevron, U.S.A., Inc. v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 843-44 (1984), the same cannot be said for the sort of legally immaterial **factual allegations** made by Plaintiffs in the FAC, *see RSM*, 643 F. Supp. 2d at 403. Plaintiffs' conflation of an agency's legal interpretations with its unadjudicated factual allegations is nothing more than a straw man argument.

---

[1] The court in *Berke* also **granted** the defendant's motion to strike as to allegations that the consent order at issue in that case constituted "findings of fact." 188 F.R.D. at 181. In short, where a pleading relies on an unadjudicated order for the purpose of demonstrating liability, as does the FAC in the instant action, it would be stricken even under even the District of New Hampshire's more permissive standard. *See Berke*, 188 F.R.D. at 181 (allegation that consent order constituted a finding of fact was "patently false" and would be stricken).

[2] *See* Memorandum of Law of Defendants Deutsche Bank Securities Inc. and Deutsche Bank AG in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint, dated November 10, 2009, at 16, n. 8 (SEC "does not prohibit broker-dealers from bidding for their proprietary accounts when properly disclosed.").

Finally, Defendants' motion to strike is consistent with its position in its concurrent motion to dismiss that Plaintiff is required to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim cannot meet the applicable pleading standard unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  Allegations that are immaterial as a matter of law are hardly the sort of "factual content" required to meet this standard.  *See Iqbal*, 129 S.Ct. at 1949 (facts that are merely consistent with liability fall short of standard).  Plaintiffs' reliance on legally immaterial allegations only serves to demonstrate further the weakness of the FAC.

### III.    CONCLUSION

For the foregoing reasons, as well as those set for in Defendant's Opening Brief, Defendants respectfully request that paragraphs 37-38, 40-43, and 60 be stricken from the FAC.

Dated:    New York, New York
          February 24, 2010

**MORGAN, LEWIS & BOCKIUS LLP**

By:   s/ John M. Vassos
      John M. Vassos

101 Park Avenue
New York, New York  10178
(212) 309-6000
jvassos@morganlewis.com

*Attorneys for Defendants*
Deutsche Bank Securities Inc. and Deutsche Bank AG